UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK JAMES SKAGGS,

        Plaintiff,

                                                    Case No. 8:06-cv-01601-SCB-EAJ

v.

CALIFORNIA DEPARTMENT OF JUSTICE, and
FLORIDA DEPARTMENT OF LAW ENFORCMENT,

        Defendant.

_____/

## **<u>ORDER</u>**

This cause comes before the Court on Plaintiff Frederick James Skaggs's Motion for

Temporary Restraining Order, filed September 22, 2006.  (Doc. No. 5.)  Plaintiff requests that

the Court order the California Department of Justice and Florida Department of Law

Enforcement to remove him from those states' sex offender registry.

To justify the issuance of a preliminary injunction, the movant must establish:

> (1) a substantial likelihood of prevailing on the merits; (2) an irreparable injury if
> the injunction does not issue; (3) a threatened injury to [the movant] that is greater
> than any damage the preliminary injunction would cause the [opposing party];
> and (4) the absence of any adverse effect on the public interest if the injunction
> issues.

*Cafe 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993).  The issuance of a

preliminary injunction is a "drastic remedy," and the moving party "bears the burden to clearly

establish the four prerequisites."  *Id.*

A party seeking the issuance of a temporary restraining order must prove the same four factors listed above.  *See* M.D. Fla. Local Rule 4.05(b)(4).  In addition, a temporary restraining order without notice will only be granted if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b); *see also*, M.D. Fla. Local Rule 4.05(b)(4)(ii) (the brief submitted in support of a motion for temporary restraining order must address the reason why notice cannot be given).

Upon review of the file in this action, the Court has determined that Plaintiff has failed to establish entitlement to the drastic remedy he seeks.  Plaintiff has not met his burden of clearly establishing that he has a substantial likelihood of prevailing on the merits in this action.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. 5) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of September, 2006.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record